**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)**

| | |
|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | Master File No. 2:11-md-2226-DCR<br>MDL Docket No. 2226<br><br>This Document Applies To:<br><br>*D. Felty v. Eli Lilly and Company et al.,*<br>Case No. 2:11-cv-00364 DCR<br><br>*K. Felty v. Eli Lilly and Company et al.,*<br>Case No. 2:11-cv-00378-DCR |

## DEFENDANT AAI SERVICES' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Pursuant to FED. R. CIV. P. 8, 9(b), 12(b)(2) and 12(b)(6), Defendant AAIPharma Services Corp. ("AAI Services") files this Motion to Dismiss the claims asserted by Dollene and Kenneth Felty ("Plaintiffs"), stemming from the Plaintiffs' alleged ingestion of "Darvocet and/or Propoxyphene."

*First*, as fully explained in the attached memorandum, Plaintiffs fail to state a cause of action against AAI Services because AAI Services could not have manufactured or sold the propoxyphene products allegedly ingested by Plaintiffs. AAI Services never owned the rights to market or sell Darvon, Darvocet or their generic equivalents.

*Second*, Plaintiffs allege that Dollene Felty's injuries occurred in or around 2004 and Ken Felty's injuries occurred in or around 2009, yet acknowledge that AAI Services was not even formed until 2009. Therefore, AAI Services could not have manufactured or sold the products that allegedly caused the Plaintiffs' injuries.

***Third***, Plaintiffs have failed to satisfy the pleading requirements of FED. R. CIV. P. 8 because they do not separate and differentiate their allegations as to each Defendant.  Nor do Plaintiffs identify any AAI Services product that they allegedly ingested.  As such, Plaintiffs do not provide adequate notice to AAI Services of the claims against it.

***Fourth***, Plaintiffs fail to state their fraud claims with the requisite particularity mandated by FED. R. CIV. P. 9(b).  Plaintiffs fail to allege a single specific misstatement or act of concealment by AAI Services.  Instead, Plaintiffs make blanket fraud allegations against all Defendants as a group.

***Fifth***, Plaintiffs' product liability claims are preempted by the Ohio Product Liability Act.

***Finally***, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.  Plaintiff cannot establish that Ohio has specific or general jurisdiction over AAI Services as AAI Services is a Delaware corporation with its principal place of business in North Carolina.

WHEREFORE, AAI Services respectively requests that Plaintiffs' claims against AAI Services be dismissed in their entirety, with prejudice.  AAI Services further respectfully requests all costs and fees related to this motion and any further relief the Court deems just and proper.

Dated:   December 21, 2011 Respectfully submitted,

*/s/ Scott A. McMillin*

Scott A. McMillin, P.C. (6237667)
Maja Fabula (6291539)
Richard U. S. Howell (6289780)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendant
AAIPharma Services Corp.*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been served via the Court's electronic filing system this 21st day of December, 2011.

                                      */s/ Scott A. McMillin*
                                      Scott A. McMillin, P.C.